UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PAUL PARRISH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | NO. 3:06-CV-250 PS |
| ) | |
| WILLIAM WILSON, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

Petitioner Paul Parrish filed this petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 while he was a prisoner confined at the Westville Correctional Facility. On July 27, 2005, a Disciplinary Hearing Board (DHB) found Mr. Parrish guilty of trafficking, imposed a 120 day loss of earned credit time, and demoted him to a lower credit time earning classification.

When prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To be sustained, the decision of the disciplinary board must be supported by "some evidence." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

Mr. Parrish first asserts that his lay advocate at the hearing had a different security classification than he did, in violation of Indiana Department of Correction (IDOC) policy. An allegation that prison officials may have violated IDOC policy in appointing him a lay advocate or providing him notice of confiscation is not cognizable in a § 2254 action. Relief in this action is only available from violation of the federal Constitution or laws. *Estelle v. McGuire*, 502 U.S.

62, 68 (1991).  State law questions do not state a claim for habeas relief.  *See Kraushaar v. Flanigan,* 45 F.3d. 1040, 1048-1049 (7th Cir. 1995); *Hester v. McBride*, 966 F. Supp. 765, 775 (N.D. Ind. 1997).

Moreover, the appointment of a lay advocate with a different security classification does not violate Mr. Parrish's federally protected rights.  The Constitution does not entitle a prisoner to a lay advocate unless he is illiterate or the charge against him is so complex that it is unlikely that he will be able to collect and present the evidence necessary for an adequate comprehension of the case.  *Wolff*, 418 U.S. at 570; *Miller v. Duckworth*. 963 F.2d 1002, 1004 (7th Cir. 1992).  Even had the DHB denied Mr. Parrish a lay advocate entirely, it would state no claim upon which relief can be granted since he is not illiterate and the charges against him were not complex.

Mr. Parrish asserts that the charges against him were based on materials confiscated from him. These materials consisted of a map and letter contained in an envelope from former inmate Roger Meriwether that came in the mail addressed to Mr. Parrish.  Mr. Parrish asks why prison officials even gave him the mail if they thought it contained contraband, and why they never questioned Meriwether about it.  But the due process clause does not require that prison officials confiscate contraband in the mail room when it first arrives at the institution, nor does it require that an investigator speak to a particular witness – particularly where, as here, the witness has been released from custody and is no longer available at the facility.

Finally, Mr. Parrish states that the DHB did not provide him with all of the evidence against him prior to the hearing, in violation of the ADP.  As mentioned above, violations of the ADP do not state a claim for federal habeas relief.  *Estelle*, 502 U.S. at 68.  So to the extent Mr. Parrish relies on violations of the ADP, he states no claim upon which relief can be granted.

Moreover, the due process clause does not require prison officials to show Mr. Parrish the investigative file, which may contain confidential information.  Due process requires only that prison officials give him advance written notice of the charges against him.  *Wolff*, 418 U.S.

at 565.  The purpose of the notice requirement is to inform the prisoner of the factual circumstances supporting the charge against him and provide him a chance to prepare a defense. *Id. at* 564-65.  The conduct report advised Mr. Parrish that he was charged with trafficking, and he does not assert that it did not give him adequate notice of the charge against him or the essential facts upon which prison officials based that charge.  Mr. Parrish's habeas petition establishes that prison officials based the charge against him on a letter and map he received in the mail.  Parrish was well aware of these documents since they were confiscated from him.

In his amended petition and traverse, Mr. Parrish argues that the disciplinary board denied him due process because there was insufficient evidence to support the finding of guilt.  But Mr. Parrish did not raise sufficiency of the evidence in his administrative appeal.  The principles of exhaustion of available state remedies and procedural default apply to prison disciplinary hearings.  *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992). Failure to raise the issue on appeal to the final reviewing authority is a waiver of the claim.  *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002).

For the foregoing reasons, the Court **DENIES** this habeas corpus petition.  Mr. Parrish's Motion for Continuance [DE 14] is **GRANTED**.

**SO ORDERED**.

ENTERED: May 24, 2007

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT